IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| HEATHER PATRICE HOGROBROOKS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 07-2178 |
| | ) | |
| TEXAS GUARANTEED STUDENT LOAN | ) | |
| CORPORATION and EDUCATIONAL | ) | |
| CREDIT MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Appellees. | ) | |

### REPORT AND RECOMMENDATION

Before the Court is Appellant Heather Patrice Hogrobrooks's appeal from the United States Bankruptcy Court for the Western District of Tennessee. Appellant asserts that United States Bankruptcy Judge David S. Kennedy abused his discretion in denying relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court RECOMMENDS that the judgment of the United States Bankruptcy Court be AFFIRMED.

**I. STATEMENT OF THE FACTS**

On September 9, 1998, Appellant filed a Chapter 7 bankruptcy petition after being suspended from the practice of law. In the attached creditors' matrix, Appellant listed Texas Guaranteed Student Loan Corporation, Texas Guaranteed Student Loan Program, and United States Student Aid Fund, Inc., *inter alia*, as creditors.[1] On July 29, 1999, Appellant commenced an adversary

---

[1]Appellant did not list an address for "Texas Guaranteed Student Loan Corp.," but provided the address for "Texas Guarteed [sic] Student Loan Program" as P.O. Box 17608, Austin, TX, 78760. According to TGSLC, this is

1

proceeding by filing a complaint seeking discharge from student-loan obligations pursuant to 11 U.S.C. § 523. The sole named defendant in the complaint was Educational Credit Management Corporation ("ECMC"), a lender not listed on the creditors' matrix. On August 17, 1999, Appellant filed a Certificate of Service stating that a copy of the Complaint and Summons was sent via "Mail Service: Regular, first class United States mail, postage pre-paid, addressed to [blank]," failing to list the recipient of the service.

On October 22, 1999, the United States Bankruptcy Court for the Western District of Tennessee heard the matter of Appellant's student-loan hardship discharge. At that time, the court found that Appellant listed the three creditors from the matrix as educational lenders and that "notice of these proceedings to those lenders are of record." However, the court found that Appellant's only actual obligation for student loans was in the amount of $100, 289.96 owed to ECMC, an entity not listed on the creditors' matrix. This finding was based upon Appellant's assertion in the Complaint that ECMC was "holding student loans formerly held by" the other student loan entities listed in the creditors' matrix.

Following a hearing, the Bankruptcy Court found that payment of the full amount owed to ECMC would result in undue hardship to Appellant and her dependants but found that Appellant was capable of paying the sum of $44,854.00 to ECMC. On November 1, 1999, the court entered an order discharging all of Appellant's student loan obligations pursuant to 11 U.S.C. § 523(a)(8)(B) with the exception of the sum owed to ECMC that was declared to be non-dischargeable.

On January 12, 2000, Texas Guaranteed Student Loan Corporation ("TGSLC") filed a Motion to Reopen Case and Adversary Proceeding to Set Aside Order of Judgment Discharging

---

the incorrect address. See Aff. of Beth Landrum at ¶ 8.

Student Obligations ("TGSLC's Motion to Reopen") pursuant to 11 U.S.C. § 350(b). TGSLC claimed that it was not a named defendant in the adversary proceeding discharging the student loans and was not served with the Complaint and Summons as required by Rule 7004 of the Federal Rules of Bankruptcy Procedure. TGSLC further claimed that Appellant erred in asserting that TGSLC's loans were held by ECMC and provided the affidavits of Charles C. Exum, ECMC's attorney, and Rebecca B. Sandberg, Senior Staff Associate for ECMC, to corroborate this assertion. Accordingly, Appellant requested that the court reopen the Chapter 7 case and the adversary proceeding and enter an order setting aside the judgment discharging Appellant's student loan obligation as to TGSLC. On April 14, 2000, the Bankruptcy Court granted TGSLC's Motion to Reopen and set aside the judgment discharging the loan obligations to TGSLC. The adversary proceeding was again closed on April 26, 2000.

On July 26, 2006–over six years later–Appellant filed a Motion to Reopen Adversary Proceeding for Finding of Contempt and to Set Aside the Order Obtained by Intentional and Specific Fraud and Misrepresentation Upon the Court ("Appellant's Motion to Reopen"). In this motion, Appellant asserted that (1) the Court's April 14, 2000 order should be set aside as to TGSLC because, although it was not properly served with the Summons and Complaint for the adversary proceeding, it had actual knowledge of the bankruptcy petition, and (2) ECMC should be held in contempt for failing to abide by the terms of the Court's November 1, 1999 order detailing the repayment of the non-discharged debt in the amount of $44,854.00.

On November 28, 2006, the Bankruptcy Court heard and orally denied Appellant's Motion to Reopen. The court subsequently entered written order denying the motion and incorporated the oral findings and conclusions. On November 29, 2006, Appellant filed a Motion for Reconsideration or in the Alternative Motion for an Order that Sets out the Facts Presented and Disclosed to the Court During

3

the Rule 60 Proceeding ("Appellant's Motion for Reconsideration"). On December 6, 2006, the Bankruptcy Court denied Appellant's Motion for Reconsideration, concluding that TGSLC was not a named defendant in the adversary proceeding and was not properly served with process. Accordingly, the Bankruptcy Court found that it did not have personal jurisdiction over TGSLC and that, even if TGSLC had actual knowledge of the bankruptcy petition, that this is not an adequate substitute under the law for proper service of process. This timely appeal followed.

## II. LEGAL STANDARD

The United States District Court, sitting as an appellate court when reviewing the judgment of a bankruptcy court, must review factual determinations for clear error. Fed. R. Bankr. P. 8013. Conclusions of law are generally reviewed *de novo*. Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir. 1994). Interpretation of federal rules of civil and bankruptcy procedure are conclusions of law which must be reviewed independent of the bankruptcy's court's determination. Bank One, National Assoc. v. Bever (In re Bever), 300 B.R. 262, 264 (6th Cir. BAP 2003).

A denial of relief under Rule 60(b) of the Federal Rules of Civil Procedure is reviewed for abuse of discretion. Pruzinsky v. Gianetti (In re Walter), 282 F.3d 434, 440 (6th Cir. 2002), cert. denied sub nom., Giannetti v. Pruzinsky, 537 U.S. 885 (2002). An abuse of discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. In re Bever, 300 B.R. at 264. An appellate court may also find an abuse of discretion occurred if the reviewing court has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached based upon all of the appropriate factors. Id.

## III. ANALYSIS

### A. *Texas Guaranteed Student Loan Corporation*

First, Appellant claims that the Bankruptcy Court erred by concluding in its April 14, 2000 order that the student loans due to TGSLC were not discharged in the adversary proceeding because Appellant failed to serve TGSLC with process and to name TGSLC as a defendant. Specifically, Appellant argues that TGSLC had actual knowledge of the bankruptcy petition and perpetuated a fraud upon the Court by claiming that the November 1, 1999 order discharging all student loan obligations should be set aside as to TGSLC for lack of notice.

In its consideration of Appellant's Motion to Set Aside, the Bankruptcy Court found that TGSLC was not a named defendant in the adversary proceeding nor was it properly served with the summons and complaint as required by Rule 7004 of the Federal Rules of Bankruptcy Procedure. Based upon the affidavits of Charles C. Exum and Rebecca B. Sandberg and the summons listing a blank address for the recipient of the summons, the Court finds no clear error in the Bankruptcy Court's finding regarding insufficient service of process. The Bankruptcy Court concluded that a federal court may only exercise personal jurisdiction over a defendant if the procedural requirements of service of process are satisfied. Omni Capital Intern. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); see also Mississippi Publishing Corp. v. Murphree, 362 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."). The Bankruptcy Court relied upon clear and unequivocal authority for the premise that actual knowledge of a bankruptcy petition is not a proper substitute for service of process as required by Rule 7004 of the Federal Rules of Bankruptcy Procedure and Rule 4 of the Federal Rules of Civil Procedure. See Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993); Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 842-43 (8th

5

Cir. 1993); Drier v. Love (In re Love), 232 BR. 373, 377-78 (Bankr. E.D. Tenn. 1999). The Sixth Circuit has agreed with the authorities cited by the Bankruptcy Court and has explicitly found that actual knowledge does not replace the legal requirement of service of process. Friedman v. Estate of Presser, 929 F.2d 1151, 1154-58. Ultimately, the Bankruptcy Court concluded as follows:

> Notwithstanding the rhetoric used by Ms. Hogrobrooks in these proceedings and even though TGSLC had actual knowledge of the commencement of this title 11 case, the reality is that the salient, uncontroverted, and relevant determinative facts and applicable law are that TGSLC was NOT named as a party defendant in this adversary proceeding . . . and was NOT properly served with process. Ms. Hogrobrooks' recharacterization of the issues do not rebut or change these realities and conclusions. Simply put, actual knowledge or notice . . . is not the legal equivalent of service of process in an adversary proceeding." Further, "anything less than strict compliance with this Rule . . . does not constitute effective service." Compliance with the Rules is essential for if a defendant is improperly served, a federal court lacks jurisdiction over the defendant. Since TGSLC was not properly served with process pursuant to Fed. R. Bankr. P. 7004, this court, in essence, has no jurisdiction over it. Anything less than strict compliance with the Rule does not constitute effective service and actual knowledge of a bankruptcy case or adversary proceeding does not cure a technically deficient service of process.

(citations omitted) (emphasis in original).

Upon review of the record and the applicable law, the Bankruptcy Court's findings of fact are not clearly erroneous and the court's ruling is soundly within its discretion and is supported by strong legal authority governing its conclusions. Accordingly, the Court RECOMMENDS that the judgment of the United States Bankruptcy Court be AFFIRMED as to Appellee TGSLC.

### B. Educational Credit Management Corporation

With respect to Appellee ECMC, Appellant asserts that the Bankruptcy Court's erred by not hearing or addressing claims that ECMC was in contempt of the court's November 1, 1999 order governing the repayment of the non-discharged debt. Upon review of the record, Appellant's Motion to Reopen Case, which also contained the allegations of ECMC's contempt, was heard and orally denied on November 28, 2006. Subsequently, the Bankruptcy Court entered a November 30,

2006 order which explicitly incorporated its oral bench ruling. Following this order, Appellant sought reconsideration, which was denied without further findings or conclusions as to ECMC in the written order of December 6, 2006. It is from this denial that Appellant now appeals.

Under Rule 8006 of the Federal Rules of Bankruptcy Procedure, the "record on appeal shall include . . . the judgment, order, or degree appealed from *and any opinion, findings of fact, and conclusions of law of the court.*" Fed. R. Bankr. P. 8006 (emphasis added); see also Fed. R. App. P. 10. "[I]t is not the Court's duty to search the record for relevant materials." Kennedy v. Mustaine (In re Kennedy), 249 F.3d 576, 579 n.3 (6th Cir. 2001). Additionally, the failure to complete the appellate record may be found to constitute a waiver of an appellant's right to appeal the issue. Sanders v. Allstate Ins. Co., 110 F.3d 64 (6th Cir. 1997); see also Hawley v. City of Cleveland, 24 F.3d 814 (6th Cir. 1994).

While the transcript or recording of the Bankruptcy Court's November 28, 2006 hearing is required under Rule 8006, Appellant has failed to attach a transcript or recording of this hearing in the appellate record. Although the exhibit list to Appellant's brief states that the record includes a "CD of November 28, 2006 hearing" as Addendum N in the record, the Clerk of Court for the United States District Court for the Western District of Tennessee has no such exhibit on record in this matter. On August 13, 2006, this Court entered a Second Order to Amend Record [2] instructing Appellant to make the transcript or recording of the November 28, 2006 hearing part of the appellate record no later than August 22, 2008. On August 13, 2008, Appellant contacted the Court and stated that the recording had already been filed with the Court and that she did not have another copy of the hearing CD. The Court contacted Appellant and opposing counsel to immediately notify all

---

[2] The First Order to Amend Record was entered on July 28, 2008 to attach complete copies of Addenda K and M, which were also initially incomplete in the appellate record.

parties that no exhibit had been filed with the Court and that the August 22, 2008 deadline was a "firm deadline" set for a prompt resolution of the matter. On August 14, 2008, the Court entered an order denying appellant's informal request to extend the deadline to amend the record.

On August 18, 2008, Appellant filed a "Notice of Inability to Comply with the Order in the Time Provided and that Neither the Material Facts Supported by the CD nor the Dictates of Applicable Law have been Denied by Appellees." In this filing, Appellant states that she would be in Atlanta from August 19 until August 22 and would be unable to comply with the Court's "oppressive" order. Additionally, Appellant stated that her "compliance is not material" to this Court's determination of her appeal. Despite the Court's Second Order to Amend Record, the record was not amended during the six days before Appellant stated that she needed to travel, was not amended by the court-imposed deadline of August 22, and has not been amended to date.

Because Appellant failed to attach the Bankruptcy Court's findings of fact and conclusions of law in the record and because Appellant failed to comply with the Court's Second Order to Amend Record, the Court RECOMMENDS that the issue as to Appellee ECMC be treated as waived. Accordingly, the Court RECOMMENDS that the judgment of the United States Bankruptcy Court be AFFIRMED as to Appellee ECMC.

**IV. CONCLUSION**

For the reasons set forth herein, the Court RECOMMENDS that the Bankruptcy Court's December 6, 2006 Order be AFFIRMED.

**IT IS SO ORDERED** this 3rd day of September, 2008.

                s/ Gerald B. Cohn
                GERALD B. COHN
                UNITED STATES MAGISTRATE JUDGE